# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

SUN OUTDOOR ADVERTISING, LLC, a Washington limited liability company,

Appellant,

v.

WASHINGTON STATE DEPARTMENT OF TRANSPORTATION,

Respondent.

No. 75231-6-I

PUBLISHED OPINION

FILED: August 29, 2016

VERELLEN, C.J. — Sun Outdoor Advertising appeals the denial of a permit to erect a billboard along a designated scenic highway in Okanogan County. Under the Scenic Vistas Act, chapter 47.42 RCW, billboards are generally prohibited along scenic roads, but an exception applies if (1) the area is zoned by the county for *predominantly* commercial and industrial uses and (2) the area contains development which is visible from the highway.[1] Sun Outdoor argues that because a majority of the itemized permitted uses in the applicable zoning designation can be categorized as commercial or industrial in nature, those uses "predominate." But the plain meaning of "predominate" requires a comparison of equivalent categories of use. Because the applicable zoning designation allows broad categories of uses and prohibits very few categories of uses, no particular category of use predominates.

---

[1] Only the first prong of this test is at issue here.

Therefore, the Department of Transportation properly concluded the proposed billboard location was not an area zoned for predominantly commercial or industrial uses. We affirm.

## FACTS

In 2014, Sun Outdoor sought a permit from the Department to erect a billboard in Okanogan County on property along State Route 97. It is undisputed that, absent an exception, the proposed billboard location is part of a designated "scenic system."[2] The proposed location is zoned by the County as a "Minimum Requirement District" (MRD).

The Department denied Sun Outdoors' application. The Department found that the proposed location was not zoned for "predominantly commercial or industrial uses," noting the stated purpose of the MRD zone is to "maintain broad controls in preserving rural character and protecting natural resources."[3]

Sun Outdoor sought judicial review of the Department's decision. The trial court affirmed the decision.

Sun Outdoor appeals.

## ANALYSIS

Sun Outdoor argues the Department erroneously interpreted and applied the law in determining that the proposed billboard location was not zoned for "predominantly" commercial and industrial uses. We disagree.

Our review of this case is governed by the Administrative Procedure Act (APA), chapter 34.05 RCW.[4] "The burden of demonstrating the invalidity of agency action is on

---

[2] RCW 47.39.020(22).

[3] Clerk's Papers at 12.

[4] RCW 34.05.570(3).

2

the party asserting invalidity."[5] We will reverse if the Department "erroneously interpreted or applied the law."[6]

Interpretation of the statute defining exceptions to the general prohibition of billboards along scenic roads is a question of law.[7] We review questions of law de novo under the error of law standard.[8]

In determining the legislature's intent, we look first to the statute's plain language.[9] We examine "the language of the statute, other provisions of the same act, and related statutes to determine the plain meaning."[10] "If the plain language is unambiguous, we enforce the statute in accordance with its plain meaning."[11]

The Scenic Vistas Act was enacted "to promote the public health, safety, welfare, convenience and enjoyment of public travel . . . and to attract visitors to this state by conserving the natural beauty of areas adjacent to the interstate system, and of scenic areas adjacent to state highways."[12] The Act provides that "no person shall erect or

---

[5] RCW 34.05.570(1)(a).

[6] RCW 34.05.570(3)(d).

[7] See id.; see also Gradinaru v. Dep't of Soc. & Health Servs., 181 Wn. App. 18, 21, 325 P.3d 209 (2014).

[8] Smith v. Emp't Sec. Dep't, 155 Wn. App. 24, 32, 226 P.3d 263 (2010).

[9] Life Care Ctrs. of Am., Inc. v. Dep't of Soc. & Health Servs., 162 Wn. App. 370, 375, 254 P.3d 919 (2011).

[10] Id.; accord City of Seattle v. Allison, 148 Wn.2d 75, 81, 59 P.3d 85 (2002)).

[11] Life Care, 162 Wn. App. at 375.

[12] RCW 47.42.010. The Act dovetails with the Federal-Aid Highway Act, whose express purpose for controlling outdoor advertising is "to protect the public investment in such highways, to promote the safety and recreational value of public travel, and to preserve natural beauty." 23 U.S.C.A. § 131(a). Under the Federal-Aid Highway Act, signs "may be erected and maintained within six hundred and sixty feet of the nearest edge of the right-of-way within areas adjacent to the Interstate and primary systems which are zoned industrial or commercial under authority of State law, or in unzoned

maintain a sign which is visible from the main traveled way of the interstate system, the primary system, or the scenic system."[13] The definition of "scenic system" includes:

> [A]ny state highway or portion thereof outside the boundaries of any incorporated city or town designated by the legislature as a part of the scenic and recreational highway system *except for the sections* of highways specifically excluded in RCW 47.42.025 or *located within areas zoned by the governing county for predominantly commercial and industrial uses, and having development visible to the highway, as determined by the department.*[14]

Thus, when this two-prong test is met, the area is no longer part of the "scenic system" and billboards are permitted. Only the first prong of this test is at issue.[15]

The term "predominantly" is not defined in the Act. "Undefined words in a statute are accorded their ordinary meanings."[16] The dictionary defines "predominant" as "having superior strength, influence, authority, or position: CONTROLLING, DOMINATING, PREVAILING."[17]

Sun Outdoor's premise is that to determine whether an area is predominantly zoned for any particular use turns on counting up the number of specific uses allowed in a particular zoning designation. It claims that because "95 of the 97" itemized permitted uses in the MRD zone can be categorized as "plainly commercial or industrial in nature," those uses predominate.[18]

---

commercial or industrial areas as may be determined by agreement between the several States and the Secretary." 23 U.S.C.A. § 131(d).

[13] RCW 47.42.030.

[14] RCW 47.42.020(9)(c) (emphasis added).

[15] We agree with Sun Outdoor that the actual uses in place at the proposed billboard location are not part of the first prong analysis.

[16] Gradinaru, 181 Wn. App. at 22.

[17] WEBSTER'S THIRD NEW INT'L DICTIONARY 1786 (2002).

[18] Appellant's Br. at 16.

But the plain meaning of "predominant" requires a more carefully calibrated comparison of uses permitted. If every use is permitted, then no particular use predominates. Similarly, in analyzing whether a particular use predominates in a multi-use zone, we have to compare equivalent categories of uses.

Here, the proposed billboard location is not within an area zoned by the County as a specific commercial or industrial district. Rather, it is zoned to permit a wide variety of uses, including but not limited to commercial and industrial uses. For example, in addition to a long list of commercial and industrial uses, the MRD expressly permits agricultural (dairy farms, farms, ranges, pastures, nurseries, and orchards), residential (single-family and multifamily), governmental (fire and police facilities, maintenance shops, warehouses, and offices), and recreational (athletic fields) uses.[19] Other varied uses are allowed with a conditional use permit or a binding site plan (churches, manufactured home parks, schools, RV parks, and campgrounds).[20]

In this setting, broad categories such as "commercial and industrial" uses should be compared with equivalent broad categories of uses such as "agricultural, residential, governmental, and recreational." The question comes into focus if permitted uses are contrasted with prohibited uses in the MRD. The only prohibited uses appear to be "nightly rentals" and auto storage of more than five disabled automobiles.[21] Because the MRD allows such a broad range of uses and prohibits only a very few uses, there is

---

[19] Okanogan County Code 17.05.020.

[20] Okanogan County Code 17.05.030.

[21] Okanogan County Code 17.05.050.

5

no particular category of use that predominates. Commercial and industrial uses do not predominate.[22]

Although the Department looked to the broad and general purpose for the MRD zoning designation in its decision, we do not find the statement of purpose helpful. Okanogan County Code 17.05.010 provides, "The purpose of the minimum requirement district is to maintain broad controls in preserving natural character and protecting natural resources." The broad statement of purpose does not reveal whether a particular use predominates. In this setting, the plain meaning of "predominantly" in RCW 47.42.020(9) is determinative.

Because Sun Outdoor fails to establish any error of law under the APA standards, we affirm.

WE CONCUR:

_____

_____          Cox, J.

---

[22] Contrary to Sun Outdoor's argument, merely counting up the number of itemized permitted uses in the MRD that are commercial or industrial in nature is not a true measure of what uses predominate. For example, if instead of merely listing single-family dwellings and multifamily dwellings, the County itemized bungalows, huts, cottages, chalets, lodges, log cabins, duplexes, condominiums, and town houses as uses permitted in the MRD, the residential category of uses would not predominate to any greater extent.